**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) |
| LAWRENCE E. DORMAN and | ) Case No. 03-47827-JWV |
| SHEREE A. DORMAN, | ) |
| | ) |
| Debtors. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion of two creditors, Dennis and Joanne Feldkirchner ("Feldkirchners"), for relief from the Court's Order of January 7, 2004, dismissing the Chapter 13 case of Lawrence and Sheree Dorman ("Dormans") twenty days after it was filed for a failure to submit complete bankruptcy schedules. The Feldkirchners request that the Court reopen the Dormans' Chapter 13 case and then convert it to Chapter 7. The Feldkirchners assert that they hold an unpaid judgment in the amount of $381,468.00,[1] which they seek to satisfy from the Dormans' assets, and allege that reopening the Dormans' case is necessary to prevent abuse of process in evading the execution of their judgment.

A motion for relief from a judgment or order under Fed. R. Bankr. P. 9024, which makes Fed. R. Civ. P. 60(b) applicable to bankruptcy proceedings, provides that a court, in its sound discretion, may relieve a party from a final judgment for reasons of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief. Here, the Feldkirchners allege that the Dormans' filing of a Chapter 13 petition and the subsequent dismissal of the case were inequitable inasmuch as the Dormans used bankruptcy to avoid the attachment of the Feldkirchners' judgment.

Significantly, the Feldkirchners – to the extent that they are even parties entitled to seek relief from a judgment rendered against the Dormans – do not allege that the Court's Order dismissing the case was based on any of the grounds set forth in Fed. R. Civ. P. 60(b). Indeed, the Court was wholly unaware of any allegations of bad faith or abuse of process at any time before entering the Order.

---

[1] Assuming the amount of the Dormans' alleged debt to the Feldkirchners is unsecured and non-contingent, the Dormans would not have been eligible for Chapter 13 relief in the first instance. 11 U.S.C. § 109(e).

Thus, it is not appropriate for the Court to provide the Feldkirchners with relief from that judgment when they were never a party in the Dormans' bankruptcy and when there is no allegation that the Court's Order was improper.

The Court also notes that the Bankruptcy Code is designed to prevent the type of abuse that the Feldkirchners allege. It is appropriate to dismiss a case when the debtors fail to file the required schedules. 11 U.S.C. § 1307(c). Furthermore, the Dormans are precluded from re-filing a petition for relief for at least 180 days because their case was dismissed for a willful failure to abide by the Court's Order to provide complete schedules. 11 U.S.C. § 109(g). Accordingly, the Feldkirchners have approximately six months to satisfy their judgment though civil process before the Dormans are eligible to seek bankruptcy protection again. In the event the Feldkirchners believe that they may only obtain relief through a bankruptcy proceeding, the Feldkirchners may seek to file an involuntary petition against the Dormans. 11 U.S.C. § 303.

In the appropriate circumstances – such as when a debtor makes serial Chapter 13 filings and then seeks a voluntary dismissal in the face of allegations of bad faith – the Court acknowledges that the Eighth Circuit Court of Appeals does not allow a debtor an absolute right to dismiss a Chapter 13 case under 11 U.S.C. § 1307(b), but holds that the right is tempered by application of § 1307(c). *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218 (8th Cir. 1996) (finding that the debtor's third Chapter 13 petition, and third attempt to voluntarily dismiss the case amid bad-faith allegations, was an abuse of the Bankruptcy Code when the debtor's reason for filing was to wrongfully retain possession of a residence). In this case, however, the Dormans have only filed once, the case was dismissed by an appropriate order of the Court, and there were no allegations of fraud, bad faith, or abuse of process prior to the Court's Order. The Court sincerely doubts that the Dormans' twenty-day stint in bankruptcy has seriously hindered the Feldkirchners' attempts to satisfy their judgment.

In sum, the Court does not find that the Feldkirchners' motion is appropriate at this time because the Feldkirchners were not a party to the Dormans' Chapter 13 case when the Court entered its Order of Dismissal, there are no allegations that the Court's Order was improper, and the Feldkirchners have other methods to satisfy their judgment against the Dormans. Additionally, the Court is unwilling, after it has dismissed the Dormans' Chapter 13 filing for cause, to allow the Feldkirchners the type of relief ordinarily sought through an involuntary petition. This is particularly true where the Dormans would not be eligible for Chapter 13 relief in the first instance. This opinion

constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9014.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 1st day of March 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was served
electronically or conventionally to:
Thomas M. Franklin ** directed to serve parties of interest not receiving electronic notice **
Robert Wonder